## DeCapria v. PennDOT

*Thomas C. Marshall,* for plaintiffs.
*James J. Dodd-o,* for defendant.

SAXTON Jr., *J.*, April 6, 1992—The original complaint was filed in this action on February 28, 1986. On August 28, 1990, the plaintiffs filed a motion to amend their complaint in order to allege that the defendant had actual written notice of a dangerous condition. On April 3, 1991, this court sustained plaintiffs' motion and gave the plaintiffs 20 days to file an amended complaint.

Plaintiffs filed an "amended complaint" on May 3, 1991, which was ten days past the deadline imposed by the court. The defendant filed preliminary objections on May 23, 1991, asking the court to strike plaintiffs' amended complaint because it was not timely filed and also because an averment was alleged to be vague and impossible to answer.

The plaintiffs did not file an answer to defendant's preliminary objections; however, they did file a "second amended complaint" on June 25, 1991, apparently attempting to cure the charge of vagueness. On July 9, 1991, the court sustained defendant's preliminary objections and ordered the plaintiffs' "amended complaint" stricken because it was not timely filed and because the plaintiffs failed to oppose the preliminary objections.

On February 3, 1992, the plaintiffs filed a motion to vacate and set aside the July 9, 1991, order striking the plaintiffs' "amended complaint." In response, the defendant filed a motion to quash the plaintiffs' motion to vacate.

Both parties briefed the issues regarding the motion to quash and the court heard arguments on March 31, 1991.

## DISCUSSION

The defendant argues that plaintiffs' motion to vacate is untimely, in that a trial court is only permitted to modify or rescind an order within 30 days after its entry. The defendant cites 42 Pa.C.S. §5505 as authority which states:

"Except as otherwise proved or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

This section applies only to final, appealable orders and not to interlocutory orders. "[A]n order sustaining preliminary objections and dismissing a complaint is generally final and appealable." *Estate of Gasbarini v. Medical Center of Beaver County,* 487 Pa. 266, 270, 509 A.2d 343, 345 (1979).

The plaintiffs seem to agree with this reading of the law, yet they contend that section 5505 is not applicable to this matter because the July 9, 1991, order did not place them out of court. The plaintiffs aver that by virtue of plaintiffs' "second amended complaint" this matter is still before the court. Alternatively, the plaintiffs argue that even if the "second amended complaint" is not properly before the court, the plaintiffs' original complaint is still before the court.

The court cannot agree that the "second amended complaint" and the original complaint is pending before the court. With respect to the "second amended complaint," this court, on April 3, 1991, gave the plaintiffs 20 days in which to file an amended complaint. The plaintiffs filed their amended complaint ten days late.

Because of this late filing, the defendant filed preliminary objections which the court subsequently sustained and ordered the amended complaint stricken. Prior to the date of this order, the plaintiffs had filed the "second amended complaint" which purported to correct some of the objections. However, by filing this "second amended complaint," the plaintiffs could never correct the untimeliness of the "amended complaint." Therefore, the court finds that the "second amended complaint" is of no import since the plaintiffs failed to timely file their amended complaint.

The plaintiffs' argument concerning the original complaint is that the complaint was in some way resurrected after the striking of the amended complaint. When an amended complaint is filed, the original complaint is considered withdrawn. See *Skelton v. Lower Marion Twp.*, 318 Pa. 356, 178 A. 387 (1935). Hence, when the amended complaint was filed on May 3, 1991, the original complaint ceased to be before the court. By striking the amended complaint, the court did not "bring back" the original complaint. It is also noted that it was the plaintiffs who requested leave of court to file an amended complaint. After the court gave its permission to file an amended complaint within 20 days and the plaintiffs failed to comply with this order, plaintiffs cannot now rely on the existence of the original complaint.

Since the court finds that the order of July 9, 1991, striking the plaintiffs' amended complaint was a final and appealable order, and that the plaintiffs' original complaint and "second amended complaint" are not properly before the court, the court will sustain defendant's motion to quash plaintiffs' motion to vacate

and set aside the July 9, 1991, order based on the fact that the motion to vacate was not filed within 30 days.

## ORDER

And now, April 6, 1992, based upon the foregoing opinion, it is hereby ordered that defendant's motion to quash plaintiffs' motion to vacate and set aside order of July 9, 1991, be granted.